# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOLORES B. SPARKS,** | : | **No. 3:05cv2274** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUSQUEHANNA COUNTY,** | : | |
| **WILLIAM BRENNAN,** | : | |
| **SUSQUEHANNA COUNTY PRISON** | : | |
| **BOARD,** | : | |
| **JOHN DOES 1-10,** | : | |
| **HASSAN KHALIL,** | : | |
| **JOANN WISER, and** | : | |
| **CAROLE SMALACOMBE,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is Defendant Dr. Hassan Khalil's motion to dismiss plaintiff's amended complaint (Doc. 36).  Having been fully briefed and argued, the matter is ripe for disposition.

**Background**

This suit arises out of the death of Beth Ann Croasdale ("Deceased") at the Susquehanna County Correctional Facility ("SCCF") on April 2, 2004.  Defendants in this case are prison officials, guards, and medical staff.  In January 2004, Deceased was admitted to the SCCF on charges of operating a motor vehicle with a suspended or revoked license.  (Amended Complaint (hereinafter "Cmplt") (Doc. 33)

at ¶ 11).  Deceased suffered from severe asthma and a respiratory problem, and brought with her to prison a nebulizer prescribed to her by a physician.  (Id. at ¶ 14). Her physician ordered her to keep the nebulizer with her at all times.  (Id.).  In order for her nebulizer to function properly as asthma medication, Deceased needed to have "immediate access" to both the nebulizer and the medication that machine delivered.  (Id. at ¶ 16).

Defendants, the complaint alleges, knew that Deceased suffered from severe asthma and a respiratory problem, but did not allow her to keep the nebulizer and medication with her at all times in her cell.  (Id. at ¶¶ 18-19).  Deceased requested treatment from her nebulizer at 4 a.m. on April 2, 2004; she would not have needed to make this request if she had the machine and the medication in her cell at all times.  (Id. at ¶ 20).  Eventually, guards called 911.  (Id. at ¶ 23).  An ambulance arrived and took Deceased to Endless Mountains Health Systems Hospital.  (Id.). Under the treatment of Defendant Khalil, she died a short time later.  (Id.).

Plaintiff argues that Dr. Khalil knew that Deceased required a nebulizer to treat her condition, and that he failed to review an available record documenting her use of medications.  (Id. at ¶¶ 56-57).  Such a review would have revealed that Deceased was not receiving her medication four times daily, despite doctor's orders to do so.  (Id. at ¶ 57).  Even though he knew the potential danger from plaintiff's lack of access to the nebulizer and medication, Dr. Khalil did nothing to ensure that these devices were readily available.  (Id. at ¶ 58).

Dr. Khalil served as official jail doctor.  (Id. at ¶ 59A).  In that capacity, he visited the jail two times per week to see sick inmates who requested a doctor's visit.  (Id.).  Prison rules and regulations required that he oversee the administration of jail health care.  (Id.).  He did not make regular rounds of the prison.  (Id. at ¶ 59B).  Dr. Khalil also did not oversee orders for medication or make sure that patients recieved the medications prescribed for them.  (Id. at ¶ 59C).  Plaintiff also alleges that Dr. Khalil did not fulfill his obligation to ensure that proper medical procedures were in place at the facility.  (Id. at ¶ 59D).  Dr. Khalil also failed to provide proper training for non-medical personnel in recognizing and caring for life-threatening medical situations and allowed such ill-trained personnel to administer medications to inmates.  (Id. at ¶¶ 59H-I).  Though the prison had many environmental factors that exacerbated conditions like asthma, plaintiff alleges that Dr. Khalil failed to recognize those factors or to train non-medical personnel to recognize them.  (Id. at ¶ 59L).  Dr. Khalil also allegedly failed to develop procedures to deal with emergency medical situations and to train prison personnel in those procedures.  (Id. at ¶ 59M).  Plaintiff contends that "Dr. Khalil's actions, inactions and deliberate indifference violated [decedent's] constitutional rights."  Id. at ¶ 61).

Plaintiff, Deceased's mother, filed this amended complaint on March 22, 2006, seeking relief for violation of decedent's constitutional rights under 42 U.S.C. ¶ 1983 and for negligence/gross negligence from prison officials and those who participated in decedent's care at the prison.  On April 4, 2006, Defendant Khalil filed the instant

motion to dismiss (Doc. 36).  The issue was then briefed, bringing the case to its

present posture.

**Legal Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are

tested.  The issue is whether the facts alleged in the complaint, if true, support a

claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court

must accept as true all factual allegations in the complaint and give the pleader the

benefit of all reasonable inferences that can fairly be drawn therefrom, and view

them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist.,

132 F.3d 902, 906 (3d Cir. 1997).[1]

**Discussion**

The Supreme Court has established that "deliberate indifference to serious

medical needs of prisoners constitutes the 'unnecessary and wanton infliction of

pain' proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104

(1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  Therefore, plaintiff

must here allege facts that, if found true after trial, would lead to the conclusion that

Defendant Khalil was "deliberately indifferent" to Decedent's "serious medical need."

At oral argument, defendant conceded that decedent's asthma–which led to her

death–constituted a serious medical need.  We therefore have only to decide

---

[1]As we can dispose of defendant's motion without addressing matters outside the
pleadings, we decline to convert the motion to one for summary judgment.

whether Dr. Khalil's behavior amounted to deliberate indifference to this need.  In the

medical context, courts have found this "deliberate indifference" in a number of

ways, "including where the prison official (1) knows of a prisoner's need for medical

treatment but intentionally refuses to provide it; (2) delays necessary medical

treatment based on a non-medical reason; or (3) prevents a prisoner from receiving

needed or recommended treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.

1999).

Plaintiff contends that "defendants were deliberately indifferent to the risk that

the Deceased was an asthmatic and required a nebulizer to be with her at all times."

(Cmplt. at ¶ 12).  The complaint alleges that "[n]ot permitting the Deceased to have

twenty-four hour access to her nebulizer and medication constituted deliberate

indifference, and was a cause of the Deceased's death." (Id. at ¶ 21).  Plaintiff

clearly has met the pleading standard for an Eighth Amendment violation by Dr.

Khalil.  The prisoner died from her medical condition, and we therefore find that the

condition was severe.   See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (finding

that a condition was "serious" because it caused great pain, required large and

constant medication and the prisoner fell and collapsed twice).  The parties do not

dispute this finding.  Plaintiff likewise has pled deliberate indifference on Dr. Khalil's

part. See Rouse, 182 F.3d at 197.  She alleges that Dr. Khalil was aware of the

Deceased's medical condition and need for continual access to her medication and

nebulizer, but he did nothing to provide those supplies.  Since he was charged with

setting up the system for delivery of medicine, Dr. Khalil could thus be seen to have intentionally denied Deceased access to her medication.  Plaintiff's complaint could also be read to allege that Dr. Khalil, by not insisting that this necessary medication be constantly available, delayed treatment for a non-medical reason.

Defendant Khalil also argues that plaintiff has not made out a claim of negligence against him.  His argument in this area centers on his contention that Dr. Khalil did not have a duty to the Deceased and therefore cannot be liable in negligence.  Defendant concedes, however, that he treated the Deceased while she was in prison.  He argues that Dr. Khalil's duties consisted only of visiting the prison twice a week and offering services as requested by the inmates, and that he had no particular duty to see that his orders in reference to the patients he saw were carried out.  Defendant cites no case law to support this proposition that a doctor's duty to his (incarcerated) patient ends when he writes a prescription or offers a recommendation for treatment.  Plaintiff argues that Dr. Khalil had access to plaintiff's medical records and should have been aware of her asthma and the danger that condition presented to a patient denied access to immediate treatment. In addition, as prison doctor, Dr. Khalil had an obligation to ensure that his orders for the Deceased were carried out.  Plaintiff claims that failure to examine the Deceased's medical records, to act on that examination or to set up procedures to ensure that inmates like the Deceased had access to vital medical care constitutes gross negligence on Defendant Khalil's part.

6

We will deny this portion of the motion as well.  Plaintiff clearly alleges a

negligence claim against the defendant.  In the medical context, a negligence

complaint must allege "that (1) the physician owed a duty to the patient; (2) the

physician breached that duty; (3) the breach of the duty was the proximate cause of,

or a substantial factor in, bringing about the harm suffered by the patient; and (4) the

damages suffered by the plaintiff were a direct result of that harm."  Rachlin v.

Edmison, 813 A.2d 862, 868 (Pa. Super. Ct. 2002).  The allegations in the

complaint, both about Dr. Khalil's role as treating physician for the Deceased while

she was incarcerated, and in his role as prison doctor in charge of maintaining the

health care system in the jail, demonstrate that he had a duty to the plaintiff to

provide her with necessary medical care.  Defendant Khalil's failure to cite to any

authority establishing that prison doctors owe no particular duty to their patients

underscores the illogical nature of his position that he could treat the Deceased yet

owe her no duty to ensure that she had adequate medical care.  Plaintiff has also

clearly alleged that Dr. Khalil breached his duty of care to the Deceased by failing

adequately to examine her medical records and failing sufficiently to supervise her

treatment.  According to the plaintiff, these failures caused the Deceased harm,

leading to her death.  Plaintiff has therefore alleged negligence against Dr. Khalil.

These failures, as alleged by the plaintiff, are more than simply a mistake

borne of carelessness, and thus could constitute gross negligence.  Pennsylvania

courts have found that "the legislature intended the term gross negligence to mean a

7

form of negligence where the facts support substantially more than ordinary carelessness, inadvertance, laxity, or indifference.  The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care." Bloom v. DuBois Regional Med. Ctr., 597 A.2d 671, 679 (Pa. Super. Ct. 1991).  Plaintiff has alleged facts sufficient for a jury to conclude that defendant's behavior flagrantly and grossly deviated from the standard of care.  Plaintiff contends that the Decedent passed away because the defendant refused to provide her with life-saving medication that he knew she needed.  Such behavior is more than mere carelessness or inadvertance, but deliberately reckless behavior.  Accordingly, a jury could find gross indifference based on the facts alleged by the plaintiff.  We will deny the defendant's motion as it relates to charges of gross indifference as well.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOLORES B. SPARKS,** | : | **No. 3:05cv2274** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUSQUEHANNA COUNTY,** | : | |
| **WILLIAM BRENNAN,** | : | |
| **SUSQUEHANNA COUNTY PRISON** | : | |
| **BOARD,** | : | |
| **JOHN DOES 1-10,** | : | |
| **HASSAN KHALIL,** | : | |
| **JOANN WISER, and** | : | |
| **CAROLE SMALACOMBE,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 21st day of March 2007, Defendant Khalil's motion to dismiss

plaintiff's complaint, or in the alternative for summary judgment (Doc. 36) is hereby

**DENIED**.

                                    **BY THE COURT:**


                                    **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**