# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOLORES B. SPARKS,** | : | No. 3:05cv2274 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **SUSQUEHANNA COUNTY,** | : | |
| **WILLIAM BRENNAN,** | : | |
| **SUSQUEHANNA COUNTY PRISON** | : | |
| **BOARD,** | : | |
| **HASSAN KHALIL, and** | : | |
| **JOANN WISER,** | : | |
| Defendants | : | |

## MEMORANDUM

Before the court are the defendants' motions in limine. Having been fully briefed, the matters are ripe for disposition.

**Background**

This suit arises out of the death of Beth Ann Croasdale ("Decedent") at the Susquehanna County Correctional Facility ("SCCF") on April 2, 2004. On that day, Croasdale suffered a severe asthma attack; she was transported from the prison to a local hospital and was pronounced dead. The deceased was admitted to the SCCF in January 2004 for operating a vehicle with a suspended or revoked license. (Amended Complaint (hereinafter "Cmplt") (Doc. 33) at ¶ 11). On the day she died, Croasdale remained incarcerated at the SCCF. (Statement of Material Facts of

Defendants Susquehanna County; William Brennan; Susquehanna County Prison Board; Joann Wiser and Carole Smalacombe (Doc. 67) (hereinafter "County Defendants' Statement") at ¶ 2). Plaintiff alleges in part that the defendants failed to provide Croasdale with access to Albuterol and a nebulizer, the device she used to deliver the medication she needed to control her severe asthma, and that her death was thus the result of defendants' deliberate indifference to Croasdale's serious medical need. (Id. at ¶ 4). She also alleges that Defendant Dr. Hassan Khalil, a physician employed by the prison, evidenced both deliberate indifference and medical malpractice in his treatment of her.

Plaintiff filed her initial complaint (Doc. 1) in this court on November 2, 2005. After the parties engaged in some initial discovery and the defendants filed answers or motions to dismiss the complaint, the court granted plaintiff's motion to file an amended complaint and add an additional party. (See Doc. 31). After plaintiff filed this amended complaint, Defendant Dr. Khalil filed a motion to dismiss that complaint (Doc. 36). The court denied this motion on March 21, 2007. (See Doc. 55). After the close of discovery, both Dr. Khalil and the county defendants filed motions for summary judgment (Docs. 64, 66). The court granted these motions in part and denied them in part on April 3, 2009 (Doc. 86). The court then scheduled a pre-trial conference, and the parties filed motions in limine and briefs related to them. On June 5, 2009, the court issued an opinion denying the motions in limine each party filed. (Doc. 106). At the pre-trial conference, the court ordered the parties to brief

2

the issue of whether an award for the decedent should be reduced by personal maintenance expenses plaintiff would have incurred during her lifetime. The parties did so, bringing the case to its present posture.

**Jurisdiction**

As this complaint was filed pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Discussion**

Defendants both argue that plaintiff's potential recovery from her social security disability benefits should be reduced by the cost of her maintenance. They contend that under Pennsylvania law, the court would be granting a windfall to the estate if it did not subtract from that recovery the cost of personal maintenance. The court agrees. Damages awarded in a survival action like this one "include the decedent's pain and suffering, the loss of gross earning power form the date of injury until death, and the loss of [her] earing power–less personal maintenance expenses,

3

from the time of death through his estimated working life span." Kiser v. Schulte, 648 A.2d, 4 (Pa. 1994). The court ruled earlier that plaintiff may recover for her lost social security income in this action. That recovery, however, must be limited by her maintenance costs. At the time of trial, plaintiff must introduce evidence that establishes her lost income from social security minus a reasonable maintenance cost, defined as "'the sum which a decedent would be expected to spend, based on his station in life, for food, clothing, shelter, medical attention and some recreation." Borman v. Raymark Industries, Inc., 960 F.2d 327, 336 (3d Cir. ) (quoting McClinton v. White, 444 A.2d 85, 89 (Pa. 1982)).

**Conclusion**

For the reasons stated above, the parties' motions in limine will be granted. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES B. SPARKS, | : | No. 3:05cv2274 |
|     Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUSQUEHANNA COUNTY, | : | |
| WILLIAM BRENNAN, | : | |
| SUSQUEHANNA COUNTY PRISON | : | |
| BOARD, | : | |
| JOHN DOES 1-10, | : | |
| HASSAN KHALIL, and | : | |
| JOANN WISER, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 17th day of July 2009, the defendant's motions in limine (Docs. 89, 95) are hereby **GRANTED** to the extent that plaintiff's potential recovery for lost social security income shall be reduced by the cost of her maintenance.

                                              **BY THE COURT:**

                                              s/ James M. Munely
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**